# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SWB YANKEES, LLC | : | 3:20-cv-01303 |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| CNA FINANCIAL CORPORATION, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

### October 1, 2020

Presently pending before the court is Plaintiff's Motion to Remand (Doc. 7). For the reasons that follow, we will grant the Motion.

## I. BACKGROUND

This matter arises in the context of the global COVID-19 crisis. Plaintiff is the owner of a minor league baseball team affiliated with the New York Yankees, whose 2020 season was substantially curtailed due to the ongoing pandemic. Plaintiff alleges it sought relief with a claim pursuant to its business interruption insurance policy. Defendants CNA Financial Corporation ("Defendant CNA"), Continental Insurance Company ("Defendant CIC"), and Continental Casualty Company ("Defendant CCC")—all three of whom Plaintiff avers promised via an

1

insurance policy to indemnify losses from a "necessary interruption of business"—rejected Plaintiff's claims and denied coverage.

On May 21, 2020, Plaintiff filed suit for declaratory judgment and for damages for breach of contract and bad faith in the Pennsylvania Court of Common Pleas of Lackawanna County. (Doc. 7-1, at 3). On July 29, 2020, Defendants filed a notice of removal in this Court, arguing that though Defendant CIC is a Pennsylvania corporation, Defendant CIC can be disregarded in determining whether complete diversity exists because it was a fraudulently joined party. (Doc. 1). Plaintiffs filed this Motion to Remand on August 28, 2020.[1] The Motion now has been fully briefed (Docs. 8, 12, 17) and is ripe for review.[2]

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1332, federal courts have original jurisdiction over civil actions in which the controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Where a defendant is a citizen of the same state as the plaintiff, however, removal is improper. The doctrine of

---

[1] Plaintiff alternatively requests that we permit the parties to conduct jurisdictional discovery to further explore "Defendant CIC's role in the instant matter." (Doc. 7, at ¶¶ 40–41). There is no dispute, however, that Defendant CIC is indeed a Pennsylvania corporation. (Doc. 1, at ¶ 15). Jurisdictional discovery is therefore not necessary to adjudicate the instant motion.

[2] Defendants also filed a Motion to Dismiss pursuant to Rule 12(b)(6) on September 4, 2020 (Doc. 10), as well as a Motion to Stay Discovery on September 29 (Doc. 19). Because we will remand this case back to the Court of Common Pleas of Lackawanna County, Defendants' two motions will be denied as moot.

fraudulent joinder acts as an exception to this requirement for complete diversity. *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). Thus, a diverse defendant "may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. A joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). The removing party "carries a heavy burden of persuasion in making this showing." *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). In making a determination, a district court "can look to more than just the pleading allegations to identify indicia of fraudulent joinder." *Id.* at 219. However, "a district court must not step 'from the threshold jurisdictional issue into a decision on the merits.'" *Id.* (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990)). "Consequently, even if a *possibility* exists that a state court will find that the complaint states a cause of action against any one of the defendants, remand is warranted." *Kenia v. Nationwide Mut. Ins. Co.*, No. 4:07-CV-1067, 2008 WL 220421, at *5 (M.D. Pa. Jan. 25, 2008) (citing *Boyer*, 913 F.2d at 111) (emphasis in original).

## III.   DISCUSSION[3]

Defendants argue that Defendant CIC has been fraudulently joined because it is not a party to the insurance policy at issue in this litigation and therefore "Plaintiff has not pled any actual basis to assert a claim against CIC." (Doc. 12, at 5). In support, Defendants point to the insurance policy attached to Plaintiff's complaint (Doc. 1-2, at 2), as well as a declaration from David B. Lehman, ostensibly an employee of both Defendants CCC and CNA (Doc. 12-2). The declaration seeks to explain the corporate relationship of the three defendants to underscore Defendants' argument that Defendant CIC "is a stranger to Plaintiff." (Doc. 12, at 6).

Defendants may be right. But as noted above, we must be cautious not to step into a review of the merits at this stage. With the declaration of Mr. Lehman, Defendants ask us to do exactly that. *See Equimed, Inc. v. Am. Dynasty Surplus Lines Ins. Co.*, 2011 WL 398566, at *4 (M.D. Pa. Feb. 1, 2011) ("In the context of the instant motion to remand, such a consideration of the merits of [Plaintiff's]

---

[3]   Plaintiff alternatively argues that this Court should discretionarily decline to exercise jurisdiction because Plaintiff's legal claims are dependent on its declaratory judgment claim. (Doc. 7, at ¶¶ 42–58). Plaintiff also requests that we follow the lead of two of our sister courts and decline to exercise jurisdiction over a dispute that bears on novel issues of state law regarding insurance coverage issues arising from the COVID-19 pandemic. (*Id.*, at ¶¶ 59–76) (citing *Danoia's Eatery, LLC v. Motorists Mutual Ins. Co.*, No. 20-706 (W.D. Pa. May 19, 2020) and *Greg Prosmushkin, P.C. v. Hanover Ins. Grp.*, No. 20-2561 (E.D. Pa. Aug. 14, 2020)). Because we ultimately reject Defendants' argument concerning fraudulent joinder and conclude that diversity jurisdiction is lacking, we need not reach these other issues today.

claims against the Defendants pursuant to the insurance policy would be improper."); *see also Oritz v. Cequent Performance Prod.*, 2017 WL 1277643, at *3 (E.D. Pa. Apr. 3, 2017) ("The question is not resolvable by Mr. Deacon's affidavit, where Plaintiff and Rhino are in disagreement on the facts and [whether] a parent/subsidiary relationship exists."); *Dambaugh v. Mylan Bertek Pharmaceuticals, Inc.*, 2007 WL 3495335, at *2 (W.D. Pa. Nov.13, 2007) ("Under these circumstances and at this stage in the litigation, to allow this affidavit to defeat Plaintiff's Complaint and create federal jurisdiction would . . . be akin to conducting a summary judgment inquiry, or a converting of Defendant's request into a motion to dismiss, which is frowned upon."). Accordingly, we decline to consider the factual averments contained in Mr. Lehman's declaration, and instead, only consider the allegations in Plaintiff's complaint.

Our task here is not to determine whether Plaintiff is likely to succeed in its claims or even whether it stated a claim sufficient to survive a Rule 12(b)(6) motion (or an analogous motion in state court). *See, e.g.*, *Lyall v. Airtran Airlines, Inc.*, 109 F.Supp.2d 365, 367–68 (E.D. Pa. 2000) (declining to find fraudulent joinder "[s]imply because we come to believe that, at the end of the day, a state court would dismiss the allegations against a defendant for failure to state a cause of action."); *West v. Marriott Hotel Servs., Inc.*, 2010 WL 4343540, *3 (E.D. Pa. Nov. 2, 2010) ("Fraudulent joinder should not be found simply because plaintiff

has a weak case against a non-diverse defendant.") (citing *Boyer*, 913 F.2d at 111).

Rather, our task is to determine whether there was any colorable ground for joining the non-diverse defendant, such that the presence of the non-diverse defendant was not *solely* to defeat diversity jurisdiction. That we are unable to find.

First, Defendants put forward no evidence to indicate that Plaintiff has "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d at 216.

Second, though we can certainly consider the insurance policy itself, as it was attached to Plaintiff's complaint, we still find no basis for concluding that all three of Plaintiff's claims against Defendant CIC are "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852 (quoting *Lunderstadt v. Colafella*, 885 F.2d 66, 70 (3d Cir. 1989)). The insurance policy does appear to only bear the names of Defendants CNA and CCC; but though Defendants might be correct that Plaintiff will not succeed against Defendant CIC on its breach of contract and/or bad faith claims, Plaintiff also brings a claim for declaratory judgment against Defendant CIC. A required element to state a claim for breach of contract under Pennsylvania law is that the defendant is a party to the contract at issue, but a Pennsylvania state court in a declaratory action may "declare rights, status, and other legal relations *whether or not further relief is or could be claimed*." 42 Pa.C.S.A. § 7532 (emphasis added). The "granting of a petition for a declaratory judgment is a

matter lying within the sound discretion of a [Pennsylvania] court of original jurisdiction." *Greenberg v. Blumberg*, 206 A.2d 16 (Pa. 1965).

While a Pennsylvania trial court's discretion in adjudicating a petition for declaratory judgment certainly has limitations—*see, e.g.*, G*ulnac by Gulnac v. S. Butler Cty. Sch. Dist.*, 587 A.2d 699, 701 (Pa. 1991)—we decline to rule today that a Pennsylvania court exercising that discretion would deem Plaintiff's claim for declaratory relief against Defendant CIC "wholly insubstantial and frivolous" based solely on the underlying complaint. *Batoff*, 977 F.2d at 852. The parties clearly have a serious factual disagreement as to Defendant CIC's role in the instant dispute. But at this stage, we "must assume as true all factual allegations of the complaint," *id.* at 851–52, and we must "resolve all contested issues of substantive fact in favor of the plaintiff," *Boyer*, 913 F.2d at 111. We also need to avoid undertaking an "intricate" analysis of state law to predict how a Pennsylvania state court would rule. *Batoff*, 977. F.2d at 852–53 ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). According to the allegations in Plaintiff's complaint, all three Defendants were equally involved in the handling of Plaintiff's business interruption insurance claim, and we must accept that as true for purposes of the instant motion.

Again, those allegations may ultimately be deemed insufficient by a Pennsylvania state court, but that cannot be the basis for our decision today.  *See West*, 2010 WL 4343540, *3 ("[A] finding of fraudulent joinder is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility.").  Therefore, we do not find that the joinder was fraudulent, and instead find that complete diversity is lacking.

### IV.   CONCLUSION

For the foregoing reasons, we shall grant Plaintiff's Motion to Remand.  A separate order shall issue in accordance with this ruling.

/s/ John E. Jones III<br>
John E. Jones III, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania